Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com

Sabine Jean*
OUTTEN & GOLDEN
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
sjean@outtengolden.com

Gregg I. Shavitz*
Camar R. Jones*
SHAVITZ LAW GROUP,
P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
cjones@shavitzlaw.com

*Attorneys for Plaintiffs and Proposed Class
and Collective Action Members*

*Pro hac vices motions forthcoming*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PARIS SUAZO and ALEXA SUART, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>Bluemercury, INC., a Delaware corporation,<br><br>            Defendant. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, Albert Paris Suazo and Alexa Suart ("Plaintiffs"), on behalf of themselves and similarly situated employees, upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

**INTRODUCTION**

1.      Plaintiffs were employed as hourly, nonexempt Store Managers ("SMs") with Defendant Bluemercury, Inc. ("Defendant" or "Bluemercury") bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.* on behalf of themselves and a proposed FLSA Collective defined as follows (the "FLSA Relevant Period"):

> All similarly situated current and former nonexempt, hourly Store Managers (hereinafter referred to as "SMs") employed at any Bluemercury retail store location throughout the United States within the three-year period preceding the filing of the original Complaint in this action, in addition to any applicable tolling of the limitations period, through the date of judgment, with the following exception. The FLSA Relevant Period excludes time worked by SMs in New York State before April 1, 2021.

2.      In March 2021, Leslie Bethel sought nationwide certification of an FLSA collective on behalf of all SMs who worked for Bluemercury in any of its approximately 160 stores in 27 states and the District of Columbia. *Bethel v. BlueMercury, Inc.*, Case No. 1:21-cv-02743-KPF (S.D.N.Y.). On August 22, 2022, the *Bethel* court granted Bethel's motion in part, conditionally certifying an FLSA collective of Bluemercury SMs who worked in New York State during the three-year period preceding the filing of the complaint (which was March 31, 2021) and denying certification as to all other SMs. *Bethel* ECF No. 50. Therefore, those SMs who worked employed on or before March 31, 2021 will soon receive notice of their opportunity to opt into *Bethel*. Bethel and the opt-ins in that action are represented by Shavitz Law Group, P.A., who are Plaintiffs' counsel in this action.

3.      Between January and August 2022, Ruben Bermudez, Gustavo Espinoza, Leyna B. Hanson, and Katherine Henriksen, who worked for Bluemercury in Maryland, Florida, South Carolina, and Minnesota, respectively, opted into Bethel to assert their FLSA rights as part of any *Bethel* collective. Because the *Bethel* collective has been limited to time worked in New York only, Plaintiffs have filed this action, and the four non-New York opt-ins described above will opt into this action.

4.      Because the *Bethel* court, in partially granting plaintiff's motion to conditionally certify the collective, limited the scope of the collective to employees who worked in New York

State, Opt-In Plaintiffs Bermudez, Espinoza, Hanson, and Henriksen are relying on Plaintiffs Suazo and Suart to pursue their FLSA claims here on a collective basis and will opt into this action to protect their rights.

5. Plaintiffs also bring this action against Defendant as a class action, under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class of nonexempt, hourly SMs employed by Bluemercury at its retail store locations in California ("the California Class Members") within the four-year period preceding the filing of this Complaint through the date of judgment (the "California relevant period") to challenge its policies and/or practices of (a) failing to reimburse Plaintiffs and the California Class Members for unreimbursed business expenses; (b) failing to compensate Plaintiffs and the California Class Members for all hours worked; (c) failing to pay Plaintiffs and the California Class Members minimum wage as required by California law; (d) failing to pay Plaintiffs and the California Class Members overtime wages; (e) failing to provide Plaintiffs and the California Class Members meal breaks;  (f) failing to provide Plaintiffs and the California Class Members rest breaks; (g) failing to pay Plaintiffs and the California Class Members their regular rate when paying meal and rest period premiums; (h) failing to pay Plaintiffs and the California Class Members their regular rate when paying for sick pay; (i) failing to provide Plaintiffs and the California Class Members accurate, itemized wage statements; and (j) failing to timely pay Plaintiffs and the California Class Members wages owed upon the termination of employment.

6. Plaintiffs seek reimbursement for business expenses, unpaid wages, and interest thereon, penalties, declaratory and equitable relief, and reasonable attorneys' fees and costs under the FLSA; California Labor Code § 2802; California Labor Code § 200, 204, 1194, and 1198; California Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; California Labor Code §§ 200, 510, 1194; California Labor Code §§ 226.7, 512, and IWC Wage Order 5-2001, § 11; California Labor Code § 226.7 and IWC Wage Order 5-2001, § 12; California Labor Code §§ 226, 1174, 1174.5; California Labor Code §§ 201-203; California Labor Code § 246; California Bus. & Prof. Code § 17200 et seq.; and California Labor Code §§ 2698 et seq. on behalf of Plaintiffs, the FLSA Collective, and the California Class Members.

7.     As more fully described herein, Plaintiffs and the California Class Members: (a) paid out-of-pocket business expenses reasonably necessary for the performance of their jobs as SMs for Defendant for which Plaintiffs, the FLSA Collective, and the California Class Members have not received reimbursement from Defendant; (b) worked off-the-clock without compensation; (c), did not receive legally compliant meal and rest breaks; and (d) were not paid at their regular rate for meal and rest period premiums or for their sick time pursuant to Defendant's policies and/or practices.  Plaintiffs and the California Class Members seek damages and restitution of all unjust enrichment Defendant has enjoyed from its failure to reimburse business expenses incurred by Plaintiffs and the California Class Members and failure to pay them for all hours worked.  Plaintiffs also seek unpaid wages, and interest thereon, penalties, declaratory and equitable relief, and reasonable attorneys' fees and costs under California Labor Code § 201-203, 226.7, 246 and California Bus. & Prof. Code § 17200 et seq. on behalf of themselves and the California Class Members.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367,  and by 29 U.S.C. § 201, *et. seq*.

9.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Suazo was employed here, a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this district.  At all times material hereto, Plaintiff Suazo performed nonexempt duties for Defendant in San Francisco, California in the Northern District of California, which is within the jurisdiction and venue of this Court.

11.     Intradistrict assignment to the San Francisco Division is proper pursuant to Local Rule 3-2(c) because a substantial part of the events or omissions giving rise to these claims occurred in San Francisco County.

12.     At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.

13.     Defendant is within the personal jurisdiction and venue of this Court.  Defendant directly or indirectly acted in the interest of an employer towards Plaintiffs, the California Class Members and the FLSA Collective Members at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and, the Class Members and Collective Members.

14.     Throughout the relevant periods, Defendant employed Plaintiffs, the Class Members and the Collective Members, within the meaning of the California Labor Code, and the FLSA, respectively.  Defendant has substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

15.     Defendant is a covered employer within the meaning of the FLSA and California Labor Code, and, at all times relevant, employed Plaintiffs, the California Class Members and the Collective Members Plaintiffs.

## PARTIES

*Plaintiffs*

16.     **Plaintiff Albert Paris Suazo** resides in San Francisco, California.  Suazo was employed by Defendant from approximately May 2019 to November 2019.  He worked as a Store Manager for Defendant in San Francisco, California.  While employed by Defendant as a SM, Plaintiff Suazo regularly worked more than 40 hours per week and often worked between approximately 42 to 60 hours per week for Defendant, even though he was scheduled for 35 hours per week.  For example, he recalls working over 40 hours during the week of October 20, 2019. During the relevant periods, Suazo was subject to Defendant's unlawful compensation and business expense reimbursement policies and/or practices set forth herein.

17.    Plaintiff Suazo's written consent to join this action is attached as Exhibit A. Plaintiff Suazo initially opted into *Bethel* on January 25, 2022. *Bethel* ECF No. 43. His submission of a Consent to Join in the *Bethel* action tolls the statute of limitations relating to his claim from that time.

18.    **Plaintiff Alexa Suart** resides in Alameda, California. Suart was employed by Defendant from approximately March 2017 to August 2020. She worked as a Store Manager for Defendant in Santa Monica, California from approximately May 2019 to August 2020. While employed by Defendant as a SM, Plaintiff Suart regularly worked more than 40 hours per week and often worked between approximately 43 to 50 hours per week for Defendant. For example, she recalls working over 40 hours during the weeks of November 17, 2019 and November 24, 2019 During the relevant periods, Suart was subject to Defendant's unlawful compensation and business expense reimbursement policies and/or practices set forth herein.

19.    Plaintiff Suart's written consent to join this action is attached as Exhibit B. Plaintiff Suart initially opted into the *Bethel* action on January 21, 2022. *Bethel* ECF No. 42. Her submission of a Consent to Join in the *Bethel* action tolls the statute of limitations relating to her claim from that time.

20.    As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA and California Labor Code by failing to pay Plaintiffs, the California Class Members and the FLSA Collective Members for all of their overtime hours worked, and reimbursement of business expenses.

21.    While Defendant required Plaintiffs, the California Class Members and the FLSA Collective Members to work overtime hours, as more fully described herein, it required them to work off the clock. Accordingly, Defendant failed to credit – and therefore compensate – Plaintiffs, the Class Members and the FLSA Collective Members for all of their hours worked.

22.    Named Plaintiffs have retained Shavitz Law Group, P.A. and Outten & Golden, LLP to represent them in this matter.

23.    All of Plaintiffs' claims stated herein are asserted against Defendant and any of their owners, predecessors, successors, subsidiaries, and/or assigns.

*Defendant*

24.     Defendant **Bluemercury, Inc.**, is a Delaware corporation with a principal place of business in Jupiter, Palm Beach County, Florida. Defendant operates Bluemercury retail stores in over 20 states, including Florida, California, and New Jersey.

25.     Bluemercury had gross revenues exceeding $500,000 for all relevant periods herein.

26.     The overtime wage provisions set forth in §§ 201, *et seq*., of the FLSA and California Labor Code apply to Bluemercury.

27.     Bluemercury was Plaintiffs' employer and was and/or is the employer of the FLSA Collective Members and the California Class Members, and it is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and the California Labor Code.

## FACTS COMMON TO ALL CLAIMS

28.     Throughout their employment with Bluemercury as SMs, Plaintiffs, the FLSA Collective Members and the California Class Members were scheduled to work up to 40 hours per week.

29.     Plaintiffs, the California Class Members and the FLSA Collective Members are or were nonexempt, hourly SMSs, whose compensation consisted of hourly compensation at a base hourly rate, in addition to non-discretionary bonuses.

30.     Bluemercury establishes tight labor budgets for its stores. The budgets do not allow SMs sufficient time to perform the customer service and other tasks SMs are required to complete each day. As a result, to ensure they do not exceed Bluemercury's established labor budgets, SMs, including Plaintiffs, the FLSA Collective Members and the California Class Members, are forced to work off the clock before and after their shifts, and during their lunch breaks performing tasks such as customer service, unpacking shipments, merchandising, preparing reports, and reading and responding to email.

31.     Additionally, Plaintiffs, the FLSA Collective Members and the California Class Members, routinely receive phone calls and text messages from their stores and their supervisors when they are out of the store and off the clock, to which they are required to respond, all without compensation.

32.     Plaintiffs estimate that for each workweek that they worked an average of five (5) uncompensated hours.

33.     Plaintiffs, the FLSA Collective Members and the California Class Members have been victims of a common policy and plan perpetuated by Bluemercury that has violated their rights under the FLSA and California Labor Code by denying them overtime compensation for hours worked in excess of forty (40) in a workweek, including hours worked before the scheduled start time of shifts, after the scheduled end time of shifts, during time recorded as unpaid meal breaks, and engaging in work-related communications when away from the store.

34.     Specifically, pursuant to its policies and procedures, Bluemercury required Plaintiffs, the FLSA Collective Members and the California Class Members to work off the clock before and after their shifts, and during their lunch breaks performing tasks such as customer service, unpacking shipments, merchandising, preparing reports, and reading and responding to email.

35.     Additionally, pursuant to its policies and procedures, Bluemercury required Plaintiffs, the FLSA Collective Members and the California Class Members to respond to work-related phone calls and text messages from their stores and their supervisors when they were out of the store and off the clock.

36.     Pursuant to these policies and procedures, Bluemercury failed to compensate Plaintiffs, the FLSA Collective Members and the California Class Members for all of the hours they worked, thereby resulting in the failure to pay overtime in violation of the FLSA and the California Labor Code.

37.     Defendant knew or should have known that Plaintiffs, the FLSA Collective Members and the California Class Members worked off the clock overtime hours. Based upon the unrealized labor budgets it created, Defendant was aware that the required work could not be

accomplished within the budgeted hours. In addition, Defendant contacted SMs regarding work matters *via* phone calls and texts while the SMs were out of the store and off the clock. Nonetheless, as described herein, Defendant has failed to pay them all of their overtime compensation by failing to credit them for all of the hours they worked over forty (40) in a workweek and suffering or permitting Plaintiffs, the FLSA Collective Members and the California Class Members to work off the clock overtime hours, during which they performed the duties described herein.

38. Defendant maintains time records for all of its nonexempt hourly SMs employed during the relevant periods. However, those time records fail to accurately reflect all of Plaintiffs' and the proposed FLSA Collective and California Class Members' hours worked, based upon Defendant's policies and procedures described herein for requiring Plaintiffs and the FLSA Collective and California Class Members' to work off the clock and not crediting all time worked.

39. Based upon the policies and procedures described herein, Defendant failed to keep accurate records of hours worked by Plaintiffs, the FLSA Collective Members and the California Class Members.

40. Defendant's failure to pay Plaintiffs, the proposed FLSA Collective Members and California Class Members, for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

## FLSA COLLECTIVE ACTION FACTS

41. Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the proposed FLSA Collective.

42. All of the work that Plaintiffs and the proposed FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the proposed FLSA Collective have performed.

43. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiffs and the proposed FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.    willfully failing to pay Plaintiffs and the members of the FLSA Collective Members overtime wages for all of the overtime hours they worked; and

    b.    willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective Members, have worked for Defendant.

44. Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the FLSA Collective Members an overtime premium for all hours worked in excess of forty (40) per workweek.

45. Plaintiffs and the FLSA Collective Members all perform or performed the similar duties of SMs at Bluemercury's retail stores throughout the country.

46. Plaintiffs and the FLSA Collective Members all were compensated on an hourly basis.

47. Plaintiffs and the FLSA Collective Members all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

48. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## CALIFORNIA ALLEGATIONS

49. During the California relevant period, Defendant maintained business expense policies and/or practices that deny lawful reimbursement and/or compensation to its SMs, including Plaintiffs and the California Class Members. Those policies and/or practices require SMs to pay for expenses incurred in direct consequence of discharging their managerial duties on behalf of Defendant, including using their personal cell phones and data plans to communicate with other Bluemercury employees, including by phone call and text message regarding issues such as sales goals, store performance, product availability and staffing.

50. Since at least four (4) years prior to the filing of this action, Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiffs and the California Class Members were required to work off-the-clock both while away from the store and at the store during their meal and rest breaks, including receiving, reviewing and responding to text

messages, and phone calls, and performing customer service tasks and stocking and merchandising duties.

51. Plaintiffs and the California Class Members were entitled to be paid their regular rate for any meal and rest premiums paid. However, when Defendant paid meal and rest premiums, it failed to pay such premiums at each employee's regular rate, and instead paid the employees at their base hourly rate.

52. Additionally, Defendant provided sick pay to Plaintiffs and the California Class Members. Sick pay must be compensated at the employee's regular rate of pay for the workweek in which the paid leave was taken, or at a rate determined by averaging over 90-days pursuant to Labor Code § 246(l). Defendant failed to pay Plaintiffs and the California Class Members their sick pay at each employee's regular rate.

53. Defendant has maintained these same business expense and wage payment policies and/or practices or substantially similar ones throughout the California relevant period.

54. Defendant is aware that Plaintiffs and the California Class Members regularly incurred business expenses in the discharge of their duties as employees. Defendant nevertheless fails and refuses to reimburse Plaintiffs and the California Class Members for such business expenses incurred by them in their work as they managed Defendant's locations.

55. Defendant is aware that SMs, including Plaintiffs and the California Class Members regularly work off the clock before and after scheduled hours and during their meal and rest breaks. Defendant nevertheless has failed and refuses to compensate Managers for these hours worked.

56. SMs, including Plaintiffs and the California Class Members have been harmed by Defendant's unlawful business expense policies and/or practices in that they have not been paid for certain business expenses incurred while employed by Defendant, as alleged above, thereby diminishing their agreed-upon compensation, in amounts to be proven at trial.

57. Plaintiffs and the California Class Members have been harmed by Defendant's unlawful policies and/or practices in that they have worked off the clock for the benefit of Defendant without compensation, in amounts to be proven at trial.

58.     As a result of Defendant's policies and/or practices, Plaintiffs and the Class Members worked in excess of eight (8) hours a day or forty (40) hours in a week, but were not compensated for all of this time.

59.     When the uncompensated time is factored in, Plaintiffs and Class Members regularly work over eight (8) hours per day, necessitating the payment of overtime compensation for some of the time that they work. But as a result of its policies and/or practices, Defendant fails to pay Plaintiffs and the California Class Members the required overtime premium for this time.

60.     Because Defendant requires Plaintiffs and the California Class Members to perform work during their meal and rest breaks, Defendant has failed to provide 30-minute uninterrupted meal breaks where the employees are relieved of all duties and has failed to authorize and permit its employees to take 10-minute rest breaks.

61.     When Defendant paid meal or rest period premium wages, Plaintiffs and the California Class Members were only paid at the employee's base hourly rate rather than their regular rate.

62.     Defendant provided sick pay to Plaintiffs and the California Class Members. Sick pay must be compensated at the employee's regular rate of pay, for the workweek in which the paid leave was taken, or at a rate determined by averaging over 90-days pursuant to Labor Code § 246(l). Defendant failed to pay Plaintiffs and the California Class Members their sick pay at each employee's regular rate.

63.     Defendant does not provide Plaintiffs and the California Class Members with accurate wage statements as required by California law. Plaintiffs and the California Class Members receive wage statements that do not reflect all hours worked or applicable overtime premiums.

64.     Defendant does not provide Plaintiffs and the California Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, as well as overtime. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time

penalties.

65. Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the California Class Members and throughout Defendant's operations in California. Defendant knows or should know that its policies and/or practices have been unlawful and unfair.

66. Defendant's conduct was willful, carried out in bad faith, and caused significant damages to SMs, including Plaintiffs and the California Class Members in amounts to be determined at trial.

## CALIFORNIA CLASS ACTION ALLEGATIONS

67. This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the California Class:

    a. **Numerosity:** The potential members of the California Class as defined are numerous and therefore joinder of all the members of the Class is impracticable. While the precise number of California Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant has employed hundreds of SMs in California subject to Defendant's business expense reimbursement and wage payment policies at all times during the California relevant period. Joinder of all members of the proposed class is not practicable.

    b. **Commonality:** There are questions of law and fact common to the Plaintiffs and the California Class Members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i. Whether Plaintiffs and the California Class Members have incurred unreimbursed business expenses in the discharge of their duties as employees, including but not limited to expenses for such items as the cost of personal cell phones and the concomitant data/text

plans;

ii.    Whether Defendant expected Plaintiffs and the California Class Members to address issues in Defendant's locations as they arose or those related to the general operations of Defendant's locations by using their personal cell phone and concomitant data/text plans;

iii.    Whether Defendant intended, suffered and permitted, and/or were aware that Plaintiffs and the California Class Members incurred such business expenses in the discharge of their duties as employees;

iv.    Whether Defendant failed and/or refused to reimburse, fully or at all, business expenses incurred by Plaintiffs and the California Class Members in the discharge of their duties;

v.    Whether Defendant's failure to reimburse business expenses incurred by Plaintiffs and the California Class Members, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

vi.    Whether Plaintiffs and the California Class Members have worked for Defendant off the clock before and after their shifts without compensation;

vii.    Whether Defendant expected Plaintiffs and the California Class Members to address issues in Defendant's locations as they arose or those related to the general operations of Defendant's locations while they were away from Defendant's store location and off-the-clock;

viii.    Whether Defendant intended, suffered and permitted, and/or was aware that Plaintiffs and the California Class Members worked off the clock as described herein in the discharge of their duties as employees;

ix. Whether Defendant failed to pay the Plaintiffs and the California Class Members for all of their hours worked;

x. Whether Defendant's failure to pay Plaintiffs and the California Class Members for all of their hours worked was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

xi. Whether Defendant failed to provide Plaintiffs and the California Class Members meal periods in the duration, timing and manner as required;

xii. Whether Defendant authorized and permitted Plaintiffs and the California Class Members to take rest breaks in the duration, timing and manner as required;

xiii. Whether Defendant, in paying meal and rest premiums to the California Class Members, failed to pay at the employee's regular rate in violation of Labor Code § 226.7;

xiv. Whether Defendant violated Bus. & Prof. Code § 17200 by failing to pay the California Class Members sick pay at their regular rate in violation of Labor Code § 246.

xv. Whether Defendant violated Labor Code § 2802 and Bus. & Prof. Code § 17200 by denying Plaintiffs and the California Class Members reimbursement for their business expenses;

xvi. Whether Defendant violated Labor Code §§ 200, 204, 1194, and 1198; Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; Labor Code §§ 200, 510, 1194; Labor Code 226.7, 512, and IWC Wage Order 5-2001, §§ 11 and 12; Labor Code §§ 226, 1174, 1174.5; Labor Code §§ 201-203; and Bus. & Prof. Code § 17200 by failing to pay Plaintiffs and the California Class Members for all their hours worked; and

xvii.    The proper formula(s) for calculating restitution, damages, penalties and interest owed to Plaintiffs and the California Class Members.

c.    **Typicality:** Plaintiffs' claims are typical of the claims of the California Class. Both Plaintiffs and the California Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's course of conduct in violation of law as alleged herein, in similar ways and for the same types of expenses.

d.    **Adequacy of Representation:** Plaintiffs are members of the California Class and will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' interests do not conflict with those of California Class Members. Counsel who represent the Plaintiffs are competent and experienced in litigating large wage and hour class actions, including both business expense reimbursement cases and wage payment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e.    **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all California Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices of not reimbursing business expenses, and not paying all wages due and owing. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because the Plaintiffs seek relief that will affect all Class Members in a common way, and will also allow for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining their unlawful business

expense reimbursement and wage payment policies and practices, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs, burdens, and risks of litigation.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

68. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

69. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

70. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

71. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

73. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

75. Defendant has failed to pay Plaintiffs and the FLSA Collective Members all of the overtime wages to which they were entitled under the FLSA.

76. Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective Members.

77. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

79. As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**(Labor Code §§ 200, 204, 1194, and 1198)**

80. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

81. Plaintiffs allege that Defendant willfully engaged and continues to engage in a policy and practice of not compensating Plaintiffs and the California Class Members for all hours worked or spent in Defendant's control.

82. Defendant regularly requires SMs, including Plaintiffs and the California Class Members to perform uncompensated off-the-clock work, as described here.

83. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

84. Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

85.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

86.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

87.     IWC Wage Order 5-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

88.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligation to provide Plaintiffs and the California Class Members with compensation for all time worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiffs' and the California Class Members' rights. Plaintiffs and the California Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

89.     As a proximate result of the aforementioned violations, Plaintiffs and the California Class Members have been damaged in an amount according to proof at time of trial.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wage**
**(Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, and 1197)**

90.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

91.     Defendant fails to compensate Plaintiffs and Class Members with at least the minimum wage for all hours worked or spent in Defendant's control.

92.     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197, and the Minimum Wage Order were in full force and effect and required that employees receive the minimum wage for all hours worked.  Certain municipalities in California also have

their own minimum wage rates.

93. IWC Wage Order 5-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

94. Labor Code § 1194(a) provides as follows:
Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

95. Because of Defendant's policies and/or practices with regard to compensating Plaintiffs and the California Class Members, Defendant has failed to pay minimum wages as required by law. Plaintiffs and the California Class Members frequently perform work for which they are compensated below the statutory minimum, as determined by the IWC.

96. Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employer shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

97. California law further requires that employers pay their employees for all hours worked at the statutory or agreed upon rate. No part of the rate may be used as a credit against a minimum wage obligation.

98. By failing to maintain adequate time records as required by Labor Code §1174(d) and IWC Wage Order 5-2001(7), Defendant has made it difficult to calculate the minimum wage compensation due to Plaintiffs and the California Class Members.

99. Plaintiffs and the California Class Members have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2, and 1197.1.

# FOURTH CAUSE OF ACTION
## Failure to Pay Overtime Wages
## (Labor Code §§ 200, 510, and 1194)

100.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

101.    Defendant does not properly compensate SMs, including the Plaintiffs and the California Class Members with appropriate overtime premiums, including time and a half premiums based on their regular rate of pay, as required by California law.

102.    Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

103.    IWC Wage Order 5-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

104.     Labor Code § 1194(a) provides as follows:
         Notwithstanding any agreement to work for a lesser wage, any
         employee receiving less than the legal minimum wage or the legal
         overtime compensation applicable to the employee is entitled to
         recover in a civil action the unpaid balance of the full amount of
         this minimum wage or overtime compensation, including interest
         thereon, reasonable attorneys' fees, and costs of suit.

105.     Labor Code § 200 defines wages as "all amounts of labor performed by
employees of every description, whether the amount is fixed or ascertained by the standard of
time, task, piece, commission basis or other method of calculation." All such wages are subject
to California's overtime requirements, including those set forth above.

106.     Defendant's policies and/or practices of requiring Plaintiffs and the California
Class Members to perform work off the clock is unlawful and results in overtime violations. As a
result of this unlawful policy, Plaintiffs and the California Class Members have worked overtime
hours for Defendant without being paid overtime premiums in violation of the Labor Code, the
applicable IWC Wage Orders, and other applicable law.

107.     Defendant has knowingly and willfully refused to perform its obligations to
compensate Plaintiffs and California Class Members for all premium wages for overtime work.
Defendant is liable to Plaintiffs and the California Class Members alleged herein for the unpaid
overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs and the California
Class Members are entitled to an award of attorneys' fees and costs as set forth below.

108.     As a proximate result of the aforementioned violations, Plaintiffs and the
California Class Members have been damaged in an amount according to proof at time of trial.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**(Labor Code 226.7, 512 & IWC Wage Order 5-2001 ¶ 11)**

109.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set
forth herein.

110.     Labor Code § 226.7 and 512 and IWC Wage Order 5-2001, § 11 require that
employers provide nonexempt employees with a first meal period of not less than 30 minutes

during which they are relieved of all duty before working more than five hours, and a second duty-free meal period of not less than 30 minutes before working more than 10 hours per day.

111.     To comply with the Labor Code, an employer must affirmatively relieve its employee of all duty during the meal period, relinquish control over the employee's activities, and permit the employee a reasonable opportunity to take an uninterrupted 30-minute break.

112.     Labor Code § 226.7(c) and IWC Wage Order 5-2001, § 11 require an employer fails to provide an employee a meal period as required to pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the required meal period is not provided.

113.     Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiffs and the California Class Members were required to perform work during their meal breaks.  As a result, Defendant failed to provide Plaintiffs and the California Class Members with the required meal periods or pay Plaintiffs and the California Class Members the wages due for missed meal periods.

114.     When Defendant paid meal period premiums, it failed to do so at the employee's regular rate and instead paid the employees at their base hourly rate in violation of Labor Code § 226.7.  Plaintiffs and the California Class Members have been damaged by Defendant's failure to pay meal period premiums at their regular rate.

115.     Defendant, therefore, is liable to Plaintiffs and the California Class Members for additional compensation pursuant to Labor Code § 226.7(c) and Wage Order 5-2001, § ¶ 11.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Rest Breaks**
**(Labor Code 226.7 & IWC Wage Order 5-2001 ¶ 12)**

116.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

117. Labor Code § 226.7(b) prohibits an employer from requiring an employee to work during any rest break mandated by an applicable wage order. Wage Order 5-2001, § ¶ 12 requires that an employer authorize and permit all employees to take one 10-minute rest period for every 4 hours worked, or a portion thereof, which insofar as practicable shall be in the middle of each work period.

118. Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiffs and the California Class Members were required to perform work during their rest breaks. As a result, Defendant did not authorize and permit Plaintiffs and the California Class Members to take legally compliant rest breaks or pay Plaintiffs and the California Class Members the wages due for missed rest breaks.

119. When Defendant paid rest period premiums, it failed to do so at the employee's regular rate and instead paid the employees at their base hourly rate in violation of Labor Code § 226.7. Plaintiffs and the California Class Members have been damaged by Defendant's failure to pay rest period premiums at their regular rate.

120. Defendant therefore is liable to Plaintiffs and the California Class Members for damages pursuant to Labor Code § 226.7(c) and Wage Order 5-2001, § ¶ 12.

## SEVENTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### (Labor Code § 226, 1174, and 1174.5)

121. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

122. Defendant does not provide Plaintiffs and the California Class Members with accurate itemized wage statements as required by California law.

123. Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt

from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated an shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

124. IWC Wage Order 5-2001(7) also provides for this requirement.

125. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

126. Labor Code § 1174 provides in part:

Every person employing labor in this state shall: (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.

127. Defendant willfully fails to provide timely, accurate itemized wage statements to Plaintiffs and the California Class Members in accordance with Labor Code §§ 226(a) and 1174(d) and the IWC Wage Orders. The wage statements Defendant provides to employees, including Plaintiffs and the California Class Members, do not accurately reflect the premium pay to which they are entitled to for the actual hours worked, the actual gross wages earned, the actual net wages earned, and the actual hourly rate(s).

128. As a proximate result of the aforementioned violations, Defendant is liable to Plaintiffs and the California Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Plaintiffs are

entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e) and penalties pursuant to Labor Code § 1174.5.

### EIGHTH CAUSE OF ACTION
**Waiting Time Penalties**
**(Labor Code §§ 201-203)**

129.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

130.    Defendant does not provide Plaintiffs and the California Class Members with their wages when due under California law after their employment with Defendant ends.

131.    Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

132.    Labor Code § 202(a) provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

133.    Labor Code § 203(a) provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

134.    Some of the Class Members, including Plaintiffs, left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant which went unrecorded and/or uncompensated.

135.    Defendant willfully refused and continues to refuse to pay Plaintiffs and the California Class Members all the wages that were due and owed to them upon the end of their employment, in the form of wages owed for uncompensated, off-the-clock work, sick pay, meal and rest period premiums, as well as unpaid overtime. As a result of Defendant's actions,

Plaintiffs and the California Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

136.     Defendant's willful failure to pay Plaintiffs and the California Class Members the wages due and owing to them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiffs and the California Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

137.     Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and the California Class Members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

138.     As a proximate result of the aforementioned violations, Defendant is liable to Plaintiffs and the California Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

### NINTH CAUSE OF ACTION
**Unfair Competition Law Violations**
**(Bus. & Prof. Code § 17200)**

139.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

140.     Business & Professions Code § 17200 (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

141.     During the Class Period and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by failing to reimburse and indemnify Plaintiffs and the California Class Members for employment-related business expenses and losses, in violation of Labor Code § 2802; failing to pay for all hours worked in violation of Labor Code §§ 200, 204, 510, 1182.11, 1182.12, 1194, 1194.2, 1197 and 1198; failure to provide, authorize and permit meal and rest breaks, including failing to pay Plaintiffs and the California Class Members at their regular rates, in violation of Labor Code § 226.7, 512, and IWC Wage Order 5-2001, §§ 11 and 12; failing to

provide accurate pay statements in violation of Labor Code §§ 226, 1174 and 1174.5; failing to pay sick time at the appropriate hourly rate in violation of Labor Code § 246; and failure to pay all wages due and owing at time of termination in violation of Labor Code §§ 201, 202 and 203.

142.     During the California relevant period and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by failing to pay the California Class Members their regular rate in violation of Labor Code § 226.7 when paying meal and rest period premiums and by failing to pay the California Class Members their regular rate when paying sick pay in violation of Labor Code § 246.

143.     In order to discharge their managerial duties for Defendant, Plaintiffs and the California Class Members were required, expected, and/or permitted by Defendant to use their own personal cell phone and data/text plans.  However, Defendant did not fully pay for expenses incurred as a result of the Plaintiffs' and California Class Members' use of their own property or expenditures for services used in the course of their work for Defendant.

144.     Likewise, Plaintiffs and the California Class Members were required and expected to use their personal mobile devices for work related activities before and after scheduled hours, and engage in work-related activities before and after their shifts.

145.     Further, Plaintiffs and the California Class Members worked off the clock without compensation and were denied legally compliant meal and rest breaks.

146.     When Defendant paid Plaintiffs and the California Class Members meal and rest period premiums, it did so at the employee's base hourly rate instead of their regular rate.

147.     Similarly, Defendant compensated Plaintiffs and the California Class Members for sick time but did so at the employee's base hourly rate rather than the regular rate.

148.     Because of the Labor Code violations alleged herein, Plaintiffs' and the California Class Members' pay statements were non-compliant and they were not properly and timely paid all their wages at time of termination.

149.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold ill-

gotten gains belonging to Plaintiffs and the California Class Members in the form of unreimbursed employee business expenses and unpaid wages that reduced or offset compensation earned by Plaintiffs and the California Class Members.  As a direct and proximate result of Defendant's unlawful business practices, Plaintiffs and the California Class Members have suffered economic injuries including, but not limited to out-of-pocket business expenses and unpaid wages resulting in reductions or offsets to earned compensation.  Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and unpaid wages as well as interest accrued thereon.

150.    Plaintiffs and the California Class Members are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses and unpaid wages as well as interest thereon accruing, from four (4) years prior to the filing of this action to the date of such restitution, and Defendant should be required to disgorge all the profits and gains they have reaped and restore such profits and gains to the Plaintiffs and similarly situated California Class Members, from whom they were unlawfully taken.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective Members and the California Class Members, seek the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    Certification of this case as a class action pursuant to Rule 23;

C.    Unpaid overtime pay, and an additional equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D.    Designation of Plaintiffs as California Class Representatives, and counsel of record as Class Counsel;

E.    For civil and statutory penalties according to proof;

F.    For an injunction and declaratory relief;

G.    Pre-judgment interest and post-judgment interest as provided by law;

H.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

I.    Attorneys' fees and costs of the action;

J.    An appropriate service award for Plaintiffs' efforts and service to the proposed FLSA Collective and the California Class; and

K.    Such other injunctive and equitable relief as this Court shall deem just and proper.

### **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: San Francisco, California       By:    /s/ Jahan C. Sagafi
       October 20, 2022                        Jahan C. Sagafi
                                               OUTTEN & GOLDEN
                                               One California Street, Suite 1250
                                               San Francisco, CA 94111
                                               Telephone:   (415) 638-8800
                                               Facsimile:    (415) 638-8810
                                               jsagafi@outtengolden.com

                                               Sabine Jean*
                                               OUTTEN & GOLDEN
                                               685 Third Avenue, 25th Floor
                                               New York, New York 10017
                                               Telephone:  (212) 245-1000
                                               Facsimile:   (646) 509-2060
                                               sjean@outtengolden.com

                                               Gregg I. Shavitz*
                                               Camar R. Jones*
                                               SHAVITZ LAW GROUP, P.A.
                                               951 Yamato Road, Suite 285
                                               Boca Raton, Florida 33431
                                               Telephone:   (561) 447-8888
                                               Facsimile:    (561) 447-8831
                                               gshavitz@shavitzlaw.com
                                               cjones@shavitzlaw.com

                                               *Attorneys for Plaintiffs and Proposed Class and
                                               Collective Action Members*

                                               *Pro hac vices motions forthcoming*

CLASS AND COLLECTIVE ACTION COMPLAINT