UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PARIS SUAZO and ALEXA SUART, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUEMERCURY, INC.,<br><br>Defendant. | Case No. 3:22-cv-06307-JD<br><br>**ORDER RE PERSONAL JURISDICTION** |

Plaintiffs Albert Suazo and Alexa Suart were employed in California as hourly, nonexempt store managers for defendant Bluemercury, Inc. *See* Dkt. No. 1 ¶¶ 16, 18. Suazo and Suart allege wage-and-hour claims on behalf of a proposed nationwide, non-New York collective of "similarly situated" store managers under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as well as claims for violations of California state law on behalf of a putative class of California store managers. *See id.* ¶¶ 1, 41, 67. The putative class claims are not in issue for present purposes. Four store managers who worked for Bluemercury in Maryland, Florida, South Carolina, and Minnesota have filed consent forms to "opt in" to the proposed FLSA collective and join Suazo and Suart as "party plaintiffs." Dkt. No. 3; *see also* Dkt. No. 1 ¶ 3; 29 U.S.C. § 256(a)-(b).

This is the second bid by these plaintiffs to orchestrate a nationwide FLSA collective action against Bluemercury. All six opted into a proposed collective action, *Bethel*, that was filed in the Southern District of New York, consisting "of all [store managers] who worked for Bluemercury in any of its approximately 160 stores in 27 states and the District of Columbia." Dkt. No. 1 ¶¶ 2-3. The district court declined to conditionally certify a nationwide collective, finding that it lacked personal jurisdiction over the claims of non-New York store managers. *See Bethel v. BlueMercury, Inc.*, No. 1:21-cv-02743-KPF, 2022 WL 3594575, at *12 (S.D.N.Y. Aug.

22, 2022). Believing that the law in this District "strongly supports a nationwide FLSA collective action," plaintiffs "promptly filed suit here." Dkt. No. 25 at 1.

Bluemercury has asked to dismiss the claims of the out-of-state opt-in plaintiffs for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. No. 19 at 10. In the alternative, it seeks judgment on the pleadings under Rule 12(c) on the ground that plaintiffs are estopped from relitigating the personal jurisdiction issue decided in *Bethel*. *See id.* at 17. Plaintiffs filed a brief in opposition. Dkt. No. 25. The motion is suitable for decision without oral argument. Dkt. No. 29. The parties' familiarity with the record is assumed, and the claims of the out-of-state opt-in plaintiffs are dismissed for lack of personal jurisdiction.

## LEGAL STANDARDS

"In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *see also Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL 188658, at *5 (N.D. Cal. Jan. 14, 2019). "When the [d]efendant's motion is based on written materials rather than an evidentiary hearing, as is the case here, 'we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.'" *Will Co., Ltd. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)); *see also Bybee v. Int'l Bhd. of Teamsters*, No. 18-cv-06632-JD, 2022 WL 3031214, at *1 (N.D. Cal. Aug. 1, 2022).

## DISCUSSION

### I.   AVAILABILITY OF A PERSONAL JURISDICTION DEFENSE

A threshold question is whether Bluemercury's motion to dismiss is procedurally proper. Neither party has raised the issue, but it warrants consideration given the parties' other arguments and the current posture of this litigation.

Plaintiffs characterize the FLSA collective action as "a *single* lawsuit brought by named *representatives*," and emphasize that the out-of-state opt-in plaintiffs -- who are the subject of Bluemercury's motion to dismiss -- are not the named plaintiffs appearing in the caption of the complaint. Dkt. No. 25 at 7 (emphasis in original). In plaintiffs' framing, Suazo and Suart are

akin to named plaintiffs asserting claims on behalf of a putative Rule 23 class, and the four out-of-state opt-in plaintiffs are more like unnamed putative class members than parties to the suit. This characterization raises a nontrivial argument that Bluemercury's motion to dismiss is premature under recent Ninth Circuit precedent. *See Owino v. CoreCivic, Inc.*, 60 F.4th 437, 446-47 (9th Cir. 2022) ("[P]rior to class certification, a defendant does 'not have "available" a Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed putative class members who were not yet parties to the case.'") (quoting *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021)).

But FLSA collective actions are fundamentally different from representative suits under Rule 23. "A collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases -- capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) (emphasis in original). "The opt-in plaintiffs thus choose whether and when to 'become parties to a collective action only by filing a written consent with the court.'" *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). "And the result of joining the collective is the same status in relation to the claims of the lawsuit as that held by the original named plaintiffs." *Id.* (cleaned up). An opt-in FLSA plaintiff's action might be deemed to have "commenced" at a later date than the original plaintiffs' action, 29 U.S.C. § 256, but otherwise "there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs." *Campbell*, 903 F.3d at 1104.

Consequently, the four out-of-state store managers who opted into this suit stand in the same position as the original named plaintiffs. They are properly before the Court, and are not "hypothetical future plaintiffs." *Moser*, 8 F.4th at 878. The fact that this action has not reached the FLSA "conditional" (or "preliminary") certification stage has no bearing on the opt-in plaintiffs' status. *See Campbell*, 903 F.3d at 1101 ("Preliminary certification in the FLSA context does not produce a class with an independent legal status or join additional parties to the action.") (cleaned up). Bluemercury has an immediately available personal jurisdiction defense against these plaintiffs.

## II. PERSONAL JURISDICTION

### A. Specific Personal Jurisdiction

"Federal Rule of Civil Procedure 4(k) governs personal jurisdiction in federal court." *Will Co.*, 47 F.4th at 921. Where, as here, no federal statute governs personal jurisdiction, the Court applies the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *see also Zithromia Ltd. v. Gazeus Negocios De Internet SA*, No. 17-cv-06475-JD, 2018 WL 6340875, at *2 (N.D. Cal. Dec. 5, 2018). California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Due Process Clause of the Fourteenth Amendment, so the Court need only ensure that that clause permits the exercise of jurisdiction over Bluemercury. *See Schwarzenegger*, 374 F.3d at 800-01; *see also Gevorkyan v. Bitmain Techs. Ltd.*, No. 18-cv-07004-JD, 2022 WL 3702093, at *2 (N.D. Cal. Aug. 26, 2022). The Fourteenth Amendment's Due Process Clause requires that "a State's assertion of personal jurisdiction over a nonresident defendant be predicated on 'minimum contacts' between the defendant and the State." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984); *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *Gevorkyan*, 2022 WL 3702093, at *2.

Personal jurisdiction comes in two varieties, general and specific. *See Ford Motor Co.*, 141 S. Ct. at 1024. Plaintiffs argue only that specific jurisdiction exists over Bluemercury. *See* Dkt. No. 25 at 5-6. As the Supreme Court recently summarized, specific personal jurisdiction requires that: (1) a defendant must purposefully avail itself of the privilege of conducting activities within the forum state; and (2) a plaintiff's claims must arise out of or relate to the defendant's contacts with the forum state. *See Ford Motor Co.*, 141 S. Ct. at 1019; *see also CZ Servs., Inc. v. Anthem Ins. Cos., Inc.*, No. 19-cv-04453-JD, 2022 WL 4126281, at *1 (N.D. Cal. Sept. 9, 2022).

The main issue presented by the parties is whether the Supreme Court's holding in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), with respect to the due process limits on the exercise of specific jurisdiction by a state in the context of a mass tort action, applies to a nationwide FLSA collective action brought in federal court.

4

The fact that plaintiffs are litigating this case in federal court does not preclude the application of *Bristol-Myers*. Under Rule 4(k)(1)(A), "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). In effect, the federal court stands in the same position as a state court in determining the outer limits of its authority to assert personal jurisdiction. This "is not because a federal court exercising broader personal jurisdiction would violate the Constitution, but because Rule 4(k)(1)(A) does not authorize jurisdiction broader than what would be permissible for a state." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 383 (3d Cir. 2022). Consequently, it is of no moment that *Bristol-Myers* left open "the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Bristol-Myers*, 137 S. Ct. at 1784. Whatever those restrictions may be, they do not override the Fourteenth Amendment restrictions that Rule 4(k)(1)(A) brings to bear on the federal district court's analysis.

Plaintiffs, who carry the burden of establishing jurisdiction, have made no effort to raise a Fifth Amendment argument, *see* Dkt. No. 25 at 5-6, and for that reason alone it cannot supply a basis for establishing jurisdiction here. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 ("In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") (cleaned up). Their omission may make sense insofar as the Fifth Amendment's limits ordinarily come into play when a federal statute authorizes nationwide service of process or when the so-called federal long-arm statute, Rule 4(k)(2), applies. *See, e.g.*, *McCarthy v. Intercontinental Exch., Inc.*, No. 20-cv-05832-JD, 2022 WL 4227247, at *1-2 (N.D. Cal. Sept. 13, 2022). Neither scenario is present here.[1]

---

[1] The First Circuit has adopted a novel approach to the personal jurisdiction analysis, which does involve application of Fifth Amendment due process standards. In the only published, post-*Bristol-Myers* circuit decision to uphold personal jurisdiction over the claims of out-of-state plaintiffs in a multistate FLSA collective (by a federal district court located in a state that was not the corporate defendant's place of incorporation or principal place of business), the First Circuit interpreted Rule 4(k) "to govern service of a summons, not to limit the jurisdiction of the federal courts after a summons has been served." *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 94 (1st Cir. 2022). The First Circuit concluded that the district court's personal jurisdiction over federal claims or parties added after proper service of a summons -- the opt-in plaintiffs in a FLSA collective action -- was governed by Fifth Amendment due process. *See id.* Irrespective of

The next question is whether *Bristol-Myers* is inapplicable because it involved state claims, not the federal FLSA claims brought here. Plaintiffs say that "rejecting application of *Bristol-Myers* to FLSA actions is consistent with Congress's intent in enacting the FLSA." Dkt. No. 25 at 8. In their view, "Congress structured the collective action mechanism to facilitate efficient adjudication of claims by similarly situated individuals asserting federal rights anywhere in the nation in a single proceeding." *Id.*

The point is not well taken. If Congress intended for nationwide FLSA collective actions to be brought in any judicial district, it could have easily added a provision for nationwide service of process. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 409 (2017) ("Congress' typical mode of providing for the exercise of personal jurisdiction has been to authorize service of process."); *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 399 (6th Cir. 2021) ("While the FLSA shows no reticence in setting nationwide labor standards, it does not establish nationwide service of process."). The fact that it did not is telling "when juxtaposed with the many other instances in which Congress included nationwide service of process provisions in laws enacted before and after the FLSA's passage in 1938." *Canaday*, 9 F.4th at 399; *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 106 (1987) ("It would appear that Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such authorization was not its intention."). Moreover, the claims of a nationwide FLSA collective can still be efficiently adjudicated in a single setting. As the *Bethel* court already recognized, plaintiffs could have filed their action "in the districts in which [Bluemercury] is subject to general jurisdiction." *Bethel*, 2022 WL 3594575, at *12.

All told, plaintiffs have not offered a good reason why *Bristol-Myers* should not be applied to their claims. And *Bristol-Myers* counsels that there is no specific jurisdiction over the claims of the out-of-state opt-in plaintiffs. "In order for a court to exercise specific jurisdiction over a claim,

---

whether the First Circuit's "controversial," yet "internally coherent" reading of Rule 4(k)(1)(A) gains traction in the future, *id.* at 102 (Barron, J., dissenting), plaintiffs have not invoked it as a basis for jurisdiction here. And in any event, the approach is facially at odds with the Ninth Circuit's pronouncement that Rule 4(k) "governs personal jurisdiction in federal court." *Will Co.*, 47 F.4th at 921.

6

there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers*, 137 S. Ct. at 1781 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "General business contacts that [Bluemercury] might have had in California will not in themselves give rise to specific personal jurisdiction." *CZ Servs.*, 2022 WL 4126281, at *1 (citing *Bristol-Myers*, 137 S. Ct. at 1781). Original plaintiffs Suazo and Suart were employed in California, so clearly their FLSA claims arise from Bluemercury's contacts in the state. But there is nothing in the complaint to indicate that the out-of-state plaintiffs' claims have any connection to California, and plaintiffs have not suggested otherwise.

### B.     Pendent Personal Jurisdiction

Plaintiffs propose in the alternative that the Court should exercise personal jurisdiction over the out-of-state opt-in plaintiffs under the doctrine of "pendent personal jurisdiction." *See* Dkt. No. 25 at 9. "[A] court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). "Pendent personal jurisdiction is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Id.* at 1180-81. "[T]he actual exercise of personal pendent jurisdiction in a particular case is within the discretion of the district court," and is shaped by "considerations of judicial economy, convenience and fairness to litigants." *Id.* at 1181 (internal quotations and citation omitted).

*Action Embroidery* recognized what has been called "pendent claim personal jurisdiction," which "says that a court's exercise of personal jurisdiction over one defendant as to one claim allows it to exercise personal jurisdiction with respect to related claims that it could not adjudicate in the anchor claim's absence." *Canaday*, 9 F.4th at 401. Plaintiffs ask to extend *Action Embroidery* to assert "pendent party personal jurisdiction," under which "a court's exercise of

7

personal jurisdiction over one defendant as to a particular claim by one plaintiff allows it to exercise personal jurisdiction with respect to similar claims brought by other plaintiffs." *Id.* This has no basis in the federal rules or statutes, and "is hard to reconcile with *Bristol-Myers*." *Id.* It may be, as plaintiffs suggest, that other courts in this District have invoked pendent party personal jurisdiction. *See* Dkt. No. 25 at 9 (citing *Chavez v. Stellar Mgmt. Grp. VII, LLC*, No. 19-cv-01353-JCS, 2020 WL 4505482, at *9-10 (N.D. Cal. Aug. 5, 2020)). Even so, the Court declines to assert pendent party personal jurisdiction in the absence of a statute or rule that provides for such.

Dismissal would follow even if pendent party personal jurisdiction were a permissible result. The record indicates that plaintiffs are relitigating the same personal jurisdiction question in different forums in the hope of obtaining a favorable result. This is antithetical to the fair and efficient administration of justice, and raises serious concerns of forum shopping and bad-faith litigation tactics. These factors in themselves would warrant dismissal.

**CONCLUSION**

The claims of the four out-of-state opt-in plaintiffs -- Ruben Bermudez, Gustavo Espinoza, Leyna Hanson, and Katherine Henriksen -- are dismissed for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: April 14, 2023

JAMES DONATO
United States District Judge