Jahan C. Sagafi (SBN 224887)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Tel.:   (415) 638-8800
Fax:   (415) 638-8810
Email:   jsagafi@outtengolden.com

Gregg I. Shavitz**
Camar R. Jones*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Rd., Suite 285
Boca Raton, FL 33431
Tel.:   (800) 616-4000
Fax:   (561) 447-8831
Email:   gshavitz@shavitzlaw.com
Email:   cjones@shavitzlaw.com

Sabine Jean*
Jarron McAllister*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.:   (212) 245-1000
Fax:   (646) 509-2060
Email:   sjean@outtengolden.com
Email:   jmcallister@outtengolden.com

*Attorneys for Plaintiffs and Proposed Class,
Collective, and PAGA Action Members*

*Admitted pro hac vice
**Pro hac vice motions forthcoming

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT PARIS SUAZO, ALEXA SUART, and LEEDA HABIBI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUEMERCURY, INC. a Delaware corporation,<br><br>Defendant. | Case No. 4:22-cv-06307-DMR<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT**<br><br>Hearing Date: January 30, 2025<br>Time:   10:00 a.m.<br>Courtroom:   Courtroom 11 – 19th Floor<br>Judge:   Hon. James Donato |

# NOTICE OF UNOPPOSED MOTION

To the Clerk of Court and all interested parties:

**PLEASE TAKE NOTICE** that on January 30, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs Albert Paris Suazo, Alexa Suart, and Leeda Habibi ("Plaintiffs"), hereby do, move this Court for (1) granting, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, final approval of the parties' proposed class settlement ("Settlement"), and entry of judgment in accordance with the Settlement; and (2) granting, pursuant to Rules 23(a) and 23(b)(3), final class certification of the Settlement Class conditionally certified in the Preliminary Approval Order, *see* ECF No. 74.

Plaintiffs make this motion on the grounds that the Settlement is fair, adequate, and reasonable; was reached through arm's-length negotiations with an experienced mediator and has drawn favorable response from the Class, as described in the attached memorandum. The Settlement provides significant monetary relief to the Settlement Class – the average net settlement award per Class Member is approximately $2,321.09 (or $24.12 net average per workweek).

The Court preliminarily approved the Settlement on August 7, 2024. *See* ECF No. 74. Since then, the Notice was provided to the Class Members. No Class Member has submitted a valid opt-out form and no Class Member has objected. This unopposed motion is based upon this notice of motion; the memorandum in support of the motion and the accompanying declaration of Jahan C. Sagafi ("Sagafi Decl."); the Declaration of Mary Butler of the Settlement Administrator, Simpluris ("Simpluris Decl."); the Court's record of this action; all matters of which the Court may take notice; and any oral evidence presented at the final approval hearing on the motion.

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................1

II.  BACKGROUND ................................................................................................................2

    A.   The Parties Efficiently Achieved a Settlement Through Arm's Length Negotiations, and the Court Granted Preliminary Approval .................2

    B.   Settlement Overview..........................................................................................3

        1.   The $437,500 in Monetary Relief Constitutes an Excellent Result for the Class Members ................................................................3

        2.   The Settlement Class Covers California Store Managers ......................5

    C.   The Notice and Claims Process Comports with Due Process and Best Practices and Has Been Implemented Properly .........................................5

    D.   The Parties Complied with Their Notice Obligations Under PAGA..................6

III. ARGUMENT......................................................................................................................6

    A.   The Best Practicable Notice of Settlement Has Been Provided to the Class....................................................................................................................6

    B.   Final Certification of the Rule 23 Class and Collective is Proper .....................7

    C.   Final Approval Should Be Granted Because the Settlement Is Fair, Adequate, and Reasonable .................................................................................8

        1.   Plaintiffs' Case Faced Hurdles on Liability and Class Certification. ...........................................................................................9

        2.   The Settlement Amount Provides Substantial Relief for Class Members..................................................................................................9

        3.   The Extent of Discovery Supports Settlement.....................................10

        4.   Counsel's Experience and Views Support Approval............................11

        5.   Class Members Have Reacted Positively to the Settlement .................11

        6.   The Requirements for Approval Under Rule 23(e)(2) Are Met ........................................................................................................12

    D.   The Court Should Approve the FLSA Portion of the Settlement .....................13

IV.  CONCLUSION................................................................................................................13

# **TABLE OF AUTHORITIES**

**CASES**             **PAGE(S)**

*Berndt v. Cal. Dep't of Corr.*,
   No. 03 Civ. 317, 2012 U.S. Dist. LEXIS 37755 (N.D. Cal. Mar. 20, 2012) ............................9

*Bert v. AK Steel Corp.*,
   No. 02 Civ. 467, 2008 U.S. Dist. LEXIS 111711 (S.D. Ohio Oct. 23, 2008) ...................12, 13

*Betancourt v. Advantage Hum. Resourcing, Inc.*,
   No. 14 Civ. 1788, 2016 U.S. Dist. LEXIS 10361 (N.D. Cal. Jan. 28, 2016) ............................9

*In re Bluetooth Headset Product Liability Litigation*,
   654 F.3d 935 (9th Cir. 2011) .................................................................................................13

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) .................................................................................................6

*Churchill Vill., LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ...................................................................................................6

*Cotter v. Lyft, Inc.*,
   176 F. Supp. 3d 930 (N.D. Cal. 2016) .....................................................................................9

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) .................................................................................................................6

*Fernandez v. Victoria Secret Stores, LLC*,
   No. 06 Civ. 4149, 2008 U.S. Dist. LEXIS 123546 (C.D. Cal. July 21, 2008) .......................12

*Ford v. CEC Ent. Inc.*,
   No. 14 Civ. 677, 2015 U.S. Dist. LEXIS 191966 (S.D. Cal. Dec. 14, 2015) ...........................7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..........................................................................................8, 12

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) .................................................................................................10

*Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*,
   112 Cal. Rptr. 3d 324 (Cal. Ct. App. 2010) .....................................................................11, 12

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ...........................................................................................11

*Quiruz v. Specialty Commodities*,
   No. 17 Civ. 3300, 2020 U.S. Dist. LEXIS 209498 (N.D. Cal. Nov. 9, 2020) ........................13

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ....................................................................................... 8, 11, 12

*Roes v. SFBSC Mgmt., LLC*,
   944 F.3d 1035 (9th Cir. 2019) ....................................................................................... 8, 9, 12

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .............................................................................................. 8

*Tijero v. Aaron Bros., Inc.*,
   301 F.R.D. 314 (N.D. Cal. 2013) ...................................................................................... 12

*Villegas v. J.P. Morgan Chase & Co.*,
   No. 09 Civ. 261, 2012 U.S. Dist. LEXIS 166704 (N.D. Cal. Nov. 20, 2012) ................ 10

**RULES**

Fed. R. Civ. P. 23(c) ................................................................................................................ 5, 6

Fed. R. Civ. P. 23(e) ................................................................................................... 6, 8, 12, 13

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION**

**I.      INTRODUCTION**

Plaintiffs Albert Paris Suazo, Alexa Suart, and Leeda Habibi ("Plaintiffs") respectfully seek final approval of a $437,500 common fund settlement of this class, collective, and PAGA action on behalf of approximately 114 individuals ("Class Members" and "PAGA Members," as more fully defined below) as set forth in the Parties' Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement"), attached as Exhibit 1 to the Declaration of Jahan C. Sagafi in Support of Plaintiffs' Motion for Final Approval of Settlement ("Sagafi Decl."). The Settlement will resolve all claims against Defendant Bluemercury, Inc. ("Defendant" or "Bluemercury") in Plaintiffs' First Amended Complaint ("FAC"). *See* ECF No. 54. The average gross recovery of $2,335.48 per Class Member is a strong result supporting approval. The proposed Settlement satisfies all the criteria for final approval. Sagafi Decl. ¶ 3; Sagafi Decl., Ex.2 (Declaration of Mary Butler ("Simpluris Decl.")) ¶ 17. Accordingly, Plaintiffs respectfully request that the Court: (1) grant final approval of the Revised Settlement Agreement ("Settlement Agreement"), attached as Exhibit 1 to the Sagafi Declaration; and (2) finally certify the Settlement Class and Collective for settlement purposes.

On August 7, 2024, the Court took the first step in the settlement approval process by preliminarily approving the Settlement as fair, adequate and reasonable; conditionally certifying the Class and Collective for settlement purposes; appointing Outten & Golden and Shavitz Law Group, P.A. as Class Counsel; directing that notice be sent to Class Members; and setting a date for the final Fairness Hearing. *See* ECF No. 74. Class Members have been notified of all terms of the Settlement Agreement, including the right to opt out or object. Simpluris Decl. ¶¶ 5, 9-10 & Ex. A (Notice). To date, the Class members' response has been unanimously positive. <u>No Class Member has filed an objection, and none has even opted out.</u> *Id.* ¶¶ 14-15.

The Parties have zealously litigated the case, with litigation over the scope of the Court's jurisdiction over Bluemercury's workers, informal discovery for mediation purposes, and a June 14, 2023 mediation session with the assistance of experienced mediator Michael J. Loeb, followed by additional negotiations, culminating with a fully executed settlement memorandum

of understanding on August 1, 2023 and a fully executed Settlement Agreement on October 14, 2023, which was revised and re-executed on March 26, 2024.

For the reasons stated below, the Court should grant final approval.

## II. BACKGROUND

As described in Plaintiffs' Revised Motion for Preliminary Approval, *see* ECF No. 66, and Plaintiffs' Motion for Attorneys' Fees, Costs, and Enhancement Awards, *see* ECF No. 75, which are incorporated by reference, Class Counsel has dedicated many hours to prosecuting this litigation and has engaged in arm's-length settlement negotiations, resulting in significant relief to the Class. Sagafi Decl. ¶ 4. The Settlement is procedurally sound, thanks to careful investigation, vigorous litigation, and arms'-length negotiations. *Id.* ¶ 10.

### A. The Parties Efficiently Achieved a Settlement Through Arm's Length Negotiations, and the Court Granted Preliminary Approval.

On October 20, 2022, Plaintiffs filed this action on behalf of themselves and other Store Managers ("SMs") who worked in California and nationwide, except New York. *See* ECF No. 1. Before mediation, the Parties litigated a dispute over the scope of the litigation, and the Court limited the scope of this litigation to California. *See* ECF No. 41. The Parties engaged in informal discovery, including the review and exchange of policy documents, payroll data, and other relevant documents. Sagafi Decl. ¶ 7.

On June 14, 2023, the Parties mediated this case with the assistance of experienced mediator Michael J. Loeb, which resulted in a mediator's proposal that was accepted by the Parties and resulted in the Settlement. *Id.* ¶ 8. The Parties finalized and fully executed the Settlement Agreement on October 14, 2023 and subsequently executed a revised Settlement Agreement on March 26, 2024 to comply with the Court's guidance. *Id.* ¶ 10.

To effectuate the settlement, on July 31, 2023, Plaintiff Habibi sent a letter to California's Labor and Workforce Development Agency ("LWDA") alleging violations of California's Private Attorneys General Act ("PAGA") for the Released PAGA Claims, as defined in the Settlement Agreement. Plaintiff Habibi later filed a consent to join form and joined the case as a PAGA Representative. *See* ECF No. 45. Plaintiffs then filed their First Amended Complaint

("FAC") to add Plaintiff Habibi as a named plaintiff and to add relevant claims under PAGA. *See* ECF No. 54. The FAC asserts class, collective, and PAGA claims for off-the-clock work, unlawful deductions of wages for late employees, unpaid minimum wages, wage statement violations, failure to pay wages each payday, failure to pay wages due on termination, and resulting Unfair Competition Law and PAGA claims.

On February 1, 2024, the Court held an initial hearing on Plaintiffs' Motion for Preliminary Approval, but noted aspects of the settlement that precluded approval, and ordered the Parties to submit a revised settlement and supporting papers, which they submitted on March 28, 2024, *see* ECF No. 66. On July 11, 2024, the Court held a hearing on the Parties revised Settlement Agreement and Preliminary Approval Motion that addressed the Court's concerns. On August 7, 2024, the Court preliminarily approved the Settlement and certified the Settlement Class in an order. *See* ECF No. 74.

To effectuate the Settlement, Class Counsel reviewed bids from four settlement administrators before selecting Simpluris as the Settlement Administrator. Sagafi Decl. ¶ 14. Together, with the Settlement Administrator, the Parties helped finalize the accompanying mail and email notice documents. *Id.* ¶ 15.

**B.     Settlement Overview**

The details of the Settlement are set forth in the Settlement Agreement, attached as Exhibit 1 to the Sagafi Declaration. A summary is set forth below.

**1.     The $437,500 in Monetary Relief Constitutes an Excellent Result for the Class Members.**

The Settlement's plan of allocation fairly and adequately compensates Class Members. This $437,500 Maximum Settlement Amount will cover (1) Court -approved attorneys' fees of up to one-third of the Settlement Amount ($145,833.33) and actual litigation costs of Class Counsel up to a total of $6,000, (2) Named Plaintiff Enhancement Awards of $2,500 each for Plaintiffs Albert Paris Suazo, Alexa Suart, and Leeda Habibi, (3) the settlement administration costs not to exceed $7,000, (4) a Private Attorneys General Act Fund ("PAGA Fund") of $6,562.50 (allocated 25% to PAGA Members and 75% to the California Labor and Workforce

-3-

Development Agency ("LWDA")), and (5) a Net Settlement Amount to Class Members of $264,604.17. Sagafi Decl. ¶ 17.

The Settlement Allocation to Class Members and PAGA Members provides:

1. Class Portion. Each Participating Class Member's share of the Class Fund shall be calculated as the number of workweeks the individual was employed by Bluemercury as an SM during the Class Period divided by the total aggregate workweeks worked by all Participating Class Members times the Class Fund.

2. PAGA Portion. Each Participating Class Member's share of the PAGA Fund shall be calculated as the number of workweeks the individual was employed by Bluemercury as an SM during the PAGA Period divided by the total aggregate workweeks worked by all Participating PAGA Members times the PAGA Fund.

Settlement Agreement, ¶ 15(c)(i)-(ii).

In exchange for the monetary consideration described above, each Participating Class Member will release all claims arising out of the dispute that are the subject of the Action or that could have been asserted in the Action based on the allegations in the pleadings regarding events that occurred or are alleged to have occurred, including allegations pertaining to minimum wage, off-the-clock work, overtime, hours of work, wage statements, record-keeping requirements, payment of wages, or payment of final wages, and including without limitation all federal claims (including FLSA), state claims (including any claims under the California Labor Code and PAGA) ("Released Class Claims"), and local claims that were asserted or could have been asserted in this Action based on the allegations in the pleadings regarding events that occurred or are alleged to have occurred during the PAGA Period as to PAGA claims and the Class Liability Period as to Class claims ("Released PAGA Claims"). *Id.*, §§ 24-25.

The Settlement resolves the claims of the Class Members and creates a non-reversionary Fund. The average Settlement Award to Class Members is $2,335.48 gross (or $2,321.09 net), with the highest payment being $6,703.90 gross (or $6,029.28 net). Simpluris Decl. ¶ 17. The Maximum Settlement Amount will not be used to pay the employer's portion of payroll taxes, which will be paid separately by the company. Settlement Agreement ¶ 14. The Settlement provides that any unclaimed funds from settlement checks that are not cashed after a reasonable time (despite Class Counsel's and the Settlement Administrator's best efforts to reach class

-4-

members and provide replacement checks where necessary) shall be provided to the California State Controller's Office ("SCO"), Unclaimed Property Division, P.O. Box 942850, Sacramento, CA 94250.  Settlement Agreement ¶ 21.

### 2. The Settlement Class Covers California Store Managers.

The Settlement Class comprises (a) "Participating Class Members," defined as those individuals in the Class who have not timely and properly opted out of the Class, where "Settlement Class" means those individuals employed by Defendant as a Store Manager ("SM") in California from October 20, 2018 through September 12, 2023 (the "Class Period"), and (b) "PAGA Members," defined as individuals employed by Defendant as an SM in California from July 31, 2022 through September 12, 2023 (the "PAGA Period").  Settlement Agreement ¶ 7.  Class Members are also FLSA Collective Members for the purposes of this settlement.  There are 114 Class Members based on data Bluemercury provided after mediation.  Sagafi Decl. ¶ 9.

### C. The Notice and Claims Process Comports with Due Process and Best Practices and Has Been Implemented Properly.

The Parties have followed the Court-approved notice plan, as set forth in the Settlement Agreement and the Court's Preliminary Approval Order.  Settlement Agreement ¶¶ 19, 22-23; ECF No. 74 ¶¶ 4-5, 9.  The notice plan was thorough and constitutes the best notice practicable.  *See* Fed. R. Civ. P. 23(c)(2)(B).

On September 23, 2024, a link to a secure website was set up for Class Members to access the Notice, information about deadlines and other relevant dates, key pleadings, the Settlement Agreement, and Class Counsel's contact information.  *Id.* ¶ 8.  Simpluris has also set up a toll-free phone number to field questions from Class Members.  *Id.* ¶ 4.

On September 23, 2024, Simpluris provided notice to all 114 Class Members via First Class U.S. Mail and email.  Simpluris Decl. ¶¶ 9-10.  Before mailing the Notices, all addresses were verified through the National Change of Address database.  *Id.* ¶ 7.  As of this date, no Notices have been returned as undeliverable.  *Id.* ¶ 11.

As of December 16, 2024, no Class Member opted out of or objected to the Settlement, and the deadline for such responses was November 22, 2024. *Id.* ¶¶ 12, 14-15. To date, 20 Class Members have submitted Payment Forms requesting electronic payment. *Id.* ¶ 13.

Plaintiffs will update this submission through their reply motion in support of final approval of the Settlement filed at least two weeks before the Final Approval Hearing if there is additional relevant information to provide.

### D.  The Parties Complied with Their Notice Obligations Under PAGA.

Plaintiffs notified the LWDA of the proposed settlement of Plaintiff Leeda Habibi's PAGA claim on July 31, 2024. Sagafi Decl. ¶ 11. Plaintiffs will upload any judgment from this Court approving the settlement via the LWDA's online portal. *Id.*

## III.  ARGUMENT

### A.  The Best Practicable Notice of Settlement Has Been Provided to the Class.

The notice here was the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and was provided "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citation and quotation marks omitted). Notice mailed to each class member "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). "'[T]he rule does not insist on actual notice to all class members in all cases' and 'recognizes it might be *impossible* to identify some class members for purposes of actual notice.'" *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) (emphasis and alteration in original)). For any class certified under Rule 23(b)(3), the notice must inform class members "that the court will exclude from the class any member who requests exclusion," stating "the time and manner for requesting exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi).

1    The content of the proposed Notice was appropriate because it provided sufficient
2  information for Class Members to decide whether to participate in, object to, or opt out of the
3  Settlement.  It provided: (1) a brief explanation of the case, (2) the material terms of the
4  settlement, (3) the proposed fees and costs of Class Counsel and settlement administration,
5  (4) the proposed Enhancement Awards to Plaintiffs, (5) that Class Members could opt out of or
6  object to the Settlement (and instructions on how to do so), (5) a statement that the Settlement
7  will bind all Class Members who do not request exclusion, (6) a statement that any Class
8  Member who does not request exclusion may, if she so desires, enter an appearance through
9  counsel, (7) details about the Court hearing on settlement approval and the opportunity to object;
10 and (8) how Class Members could obtain additional information, including documents related to
11 the settlement.  Simpluris Decl. ¶ 5 & Ex. A (Notice).  Class Members were also able to access
12 the Notice and relevant court documents online at a website set up by the Settlement
13 Administrator.  *Id.* ¶ 8.
14    As described above, the notice process included emailing and mailing Notices to Class
15 Members.  *Id.* ¶¶ 9-10.  No Notices were returned as undeliverable.  *Id.* ¶ 11.
16    The Parties and the Settlement Administrator have complied with the Court-approved
17 notice plan, as set forth in the Settlement Agreement, and the Court's Preliminary Approval
18 Order.  Because Class Members have been given a full and fair opportunity to consider the terms
19 of the proposed settlement and make an informed decision on whether to participate, the Court
20 should find that the notice was adequate and the best practicable.  *See Ford v. CEC Ent. Inc.*, No.
21 14 Civ. 677, 2015 U.S. Dist. LEXIS 191966, at *7-8 (S.D. Cal. Dec. 14, 2015) (finding notice
22 standards satisfied when claims administrator provided notice in accordance with the procedures
23 previously approved by the court in its preliminary approval order).

**B.    Final Certification of the Rule 23 Class and Collective is Proper.**

25    At the preliminary approval stage, the Court conditionally certified the Settlement Class
26 under Rule 23(a) and 23(b)(3) and the Settlement Collective.  ECF No. 74.  The Court also
27 conditionally appointed Plaintiffs Suazo, Suart, and Habibi as Class Representatives, and
28 conditionally appointed Plaintiffs' counsel, Outten & Golden LLP and Shavitz Law Group, P.A.,

-7-

as Class Counsel.  *Id.* ¶ 7.

For the reasons outlined in Plaintiffs' Motion for Preliminary Approval, and the Court's Preliminary Approval Order, the Class, Class Representatives and Class Counsel readily satisfy Rule 23's requirements for settlement purposes, and collective certification is appropriate.  ECF No. 66 at 9-14; ECF No. 74 ¶ 1.  The Court's preliminary certification decisions should now be confirmed as final.

### C. Final Approval Should Be Granted Because the Settlement Is Fair, Adequate, and Reasonable.

The touchstone for the final approval inquiry is whether the settlement is "fair, adequate and reasonable," recognizing that "it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."  *Staton v. Boeing Co.*, 327 F.3d 938, 959, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Pursuant to Rule 23(e)(2), a court must consider whether "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . [and] (D) the proposal treats class members equitably to each other."  In analyzing whether class relief is adequate, the court must consider the costs, risks, and delay of trial and appeal; the method of processing class member claims and distributing relief; the terms of any attorneys' fee awards; and any agreement made in connection with the settlement proposal.  Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv); 23(e)(3).

This standard overlaps with the instruction of *Hanlon* to balance the following factors in assessing a proposed class action settlement:

> [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026; *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (same).  The inquiry required upon settlement is heightened where a case is settled prior to formal class certification.  *See Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th

Cir. 2019) (stating that "heightened scrutiny" is required for "class settlements negotiated prior to class certification.") Here, a rigorous review of the Settlement confirms that it merits final approval, as evidenced by a consideration of the *Hanlon* factors.

### 1. Plaintiffs' Case Faced Hurdles on Liability and Class Certification.

"Approval of a class settlement is appropriate when 'there are significant barriers plaintiffs must overcome in making their case.'" *Betancourt v. Advantage Hum. Resourcing, Inc.*, No. 14 Civ. 1788, 2016 U.S. Dist. LEXIS 10361, at *10-11 (N.D. Cal. Jan. 28, 2016) (quoting *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851) (N.D. Cal. 2010)). Plaintiffs faced obstacles to full recovery.

First, liability is far from guaranteed, because even if Plaintiffs could prove that Bluemercury failed to properly pay SMs for off-the-clock work and expense reimbursements, Bluemercury may be able to point to differences among the SMs across each location to explain away any discrepancies. Bluemercury could also attempt to show that Plaintiffs' experiences were individualized and localized rather than part of a statewide pattern or practice.

Second, Plaintiffs may face obstacles in winning class certification because of the multiple locations across California and different DMs responsible for each location. While wage and hour class actions are often certifiable, the details of each person's circumstances may require individualized inquires, including as to damages. *See, e.g.*, *Berndt v. Cal. Dep't of Corr.*, No. 03 Civ. 317, 2012 U.S. Dist. LEXIS 37755, at *40 (N.D. Cal. Mar. 20, 2012) (noting that "the potential for multiple mini-trials, even solely as to damages, further weakens the case for a finding of superiority in this instance.").

### 2. The Settlement Amount Provides Substantial Relief for Class Members.

"[P]erhaps the most important factor" courts consider in determining whether to grant preliminary approval is "plaintiffs' expected recovery balanced against the value of the settlement offer." *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (citing *In re High-Tech Emp. Antitrust Litig.*, No. 11 Civ. 02509, 2014 U.S. Dist. LEXIS 110064, at *14 (N.D. Cal. Aug. 8, 2014)). Here, the monetary relief provides excellent value for Class

Members. The $437,500 common fund provides substantial monetary relief to the Class Members. Class Members are anticipated to receive an average Settlement Share of $24.12 per workweek before applicable taxes and withholdings, which amounts to $2,321.09 net on average per Class Member. Simpluris Decl. ¶ 17. The highest net payment to an individual Class Member will be $6,029.28 net. *Id.*

As detailed in the Motion for Preliminary Approval, the Maximum Settlement Amount (minus the $6,562.50 PAGA Fund) represents a 10.1% recovery of the total maximum exposure. ECF No. 66 at 14. This recovery is substantial given the risks of prevailing on liability and recovering the maximum possible damages and penalties, and the settlement is well within the range of reasonableness. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding a gross recovery of approximately one sixth (16.67%) of the potential recovery adequate in light of litigation risks); *Villegas v. J.P. Morgan Chase & Co.*, No. 09 Civ. 261, 2012 U.S. Dist. LEXIS 166704, at *17 (N.D. Cal. Nov. 20, 2012) (preliminarily approving a settlement where the gross amount represented approximately 15% of the potential recovery).

No portion of the fund will revert to Defendants. The Maximum Settlement Amount does not include Employer Payroll Taxes, which Defendants will fund separately. *See* Settlement Agreement ¶ 14. This settlement reflects a valuable recovery for the 114 Class Members and, in light of the litigation risks, is as good or better than what could have been obtained through protracted litigation and trial.

As detailed in the Preliminary Approval Motion, the PAGA allocation of $6,562.50 is also reasonable and should be approved. *See* ECF No. 66 at 16.

### 3. The Extent of Discovery Supports Settlement.

A settlement requires adequate discovery. The touchstone of the analysis is whether "the parties have sufficient information to make an informed decision about settlement," including formal and informal discovery. *Dunleavy v. Nadler* (*In re Mego Fin. Corp. Sec. Litig.*), 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)). Here, Plaintiffs litigated these claims zealously and conducted informal discovery in preparation of mediation and settlement. Sagafi Decl. ¶ 20. The Parties also explored the

strengths and weaknesses of the claims and defenses during their negotiations. *Id.* Thus, the Settlement results from Class Counsel's informed judgment.

### 4. Counsel's Experience and Views Support Approval.

"'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (quoting *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997)). "[P]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation[.]" *Rodriguez*, 563 F.3d at 967.

Here, Class Counsel are some of the most experienced class action litigators in the country in this area. Sagafi Decl. ¶¶ 4-5. Class Counsel specialize in prosecuting complex employment and civil rights class actions, and over many years have successfully – and unsuccessfully – litigated many such cases, putting them in a strong position to weigh the strengths and weaknesses of Plaintiffs' claims and Bluemercury's defenses. *Id.* ¶¶ 4-5. Based on their extensive experience, Class Counsel believe that the Settlement is fair, reasonable, and adequate. *Id.* ¶ 6.

### 5. Class Members Have Reacted Positively to the Settlement.

Class Members in this case have reacted very positively to the Settlement. Here, none of the 114 Class Members have opted out, no Class Members have submitted a dispute, and no Class Member has objected to any aspect of the settlement, including the overall monetary relief achieved and the amounts allocated to attorneys' fees, costs, and Plaintiffs' Enhancement Awards. Simpluris Decl. ¶¶ 14-16.

The lack of objections and opt-outs is a strong positive reaction, favoring a finding that the settlement is fair and should be finally approved. *See DIRECTV, Inc.*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*, 112

Cal. Rptr. 3d 324, 333-35 (Cal. Ct. App. 2010) (affirming final approval and finding reaction to class favorable even where there were two opt-outs and one objection).

### 6. The Requirements for Approval Under Rule 23(e)(2) Are Met.

As noted above, Rule 23(e)(2) specifies several requirements for approval of a class action settlement. Each of these requirements is met here. <u>First</u>, Class Representatives and Class Counsel have adequately represented the Class. Fed. R. Civ. P. 23(e)(2)(A). As set forth in greater detail in Plaintiffs' Preliminary Approval and Fee Motions, this requirement has been met. *See* ECF No. 66 at 10 (discussing client participation in lawsuit); *see generally* ECF No. 75 at 12-16. Class Representatives have the same interests as other Class Members and have dedicated a number of hours to advocating on the Class's behalf. *Id.*; Sagafi Decl. ¶ 21. And, as previously noted, Class Counsel are highly experienced and well-regarded in the field of class action civil rights litigation. *See* Sagafi Decl. ¶¶ 4-5; ECF No. 75-1 (Sagafi Decl. ISO Fees).

<u>Second</u>, the Settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). A settlement reached "in good faith after a well-informed arm's-length negotiation" is presumed to be fair. *Fernandez v. Victoria Secret Stores, LLC*, No. 06 Civ. 4149, 2008 U.S. Dist. LEXIS 123546, at *15 (C.D. Cal. July 21, 2008).[1] Here, the Settlement easily meets the rigorous scrutiny required in this District and by *Roes*, for both substantive and procedural reasons. *See* 944 F.3d at 1048-49. First, the Settlement is substantively strong, providing excellent monetary relief. Second, the Settlement is procedurally sound, (a) having been reached after extensive negotiation and discovery, (b) with no parallel litigation that could give rise to reverse auction concerns, and (c) after mediation overseen by a highly experienced mediator with particular expertise in complex class actions. Sagafi Decl. ¶ 22. This is precisely the type of "arms-length, non-collusive, negotiated resolution" in which Ninth Circuit courts place "a good deal of stock." *Rodriguez*, 563 F.3d at 965; *see also Bert v. AK Steel Corp.*, No. 02 Civ. 467, 2008 U.S. Dist.

---

[1] *See also Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 324 (N.D. Cal. 2013) (private mediation "support[s] the conclusion that the settlement process was not collusive") (citation and internal quotation marks omitted).

LEXIS 111711, at *6-7 (S.D. Ohio Oct. 23, 2008) ("[P]articipation of an independent mediator in settlement negotiations virtually ensures that the negotiations were conducted at arm's length and without collusion between the parties"). Further, none of the *In re Bluetooth Headset Product Liability Litigation* factors suggest collusion here, as there is no "clear sailing" provision in the agreement, and there is no reversion to the Defendant. 654 F.3d 935, 947-49 (9th Cir. 2011); *see also* Sagafi Decl. ¶ 24.

Third, as discussed in greater detail above, the relief provided by the Settlement is adequate, particularly considering the obstacles Plaintiffs' claims would face in litigation. Fed. R. Civ. P. 23(e)(2)(C). Settlement checks will be distributed to Class Members within approximately forty-five (45) calendar days of the Effective Date[2] and Class Members will have one hundred and twenty (120) days from the date of issuance to cash their checks. Settlement Agreement ¶ 21. Attorneys' fees, as awarded by the Court, will be paid within thirty-five (35) calendar days after the Effective Date. *Id.* ¶¶ 17-18.

### D. The Court Should Approve the FLSA Portion of the Settlement.

The Court has conditionally certified the Collective, which is composed of Class Members who worked within the three-year FLSA statute of limitations period in California. *See* ECF No. 74. For the same reasons that the Court should approve the Rule 23 class settlement, the Court should approve the FLSA settlement. *See supra*, Section III(C); *Quiruz v. Specialty Commodities*, No. 17 Civ. 3300, 2020 U.S. Dist. LEXIS 209498, at *6 (N.D. Cal. Nov. 9, 2020) ("[T]he factors that courts consider when evaluating a collective action settlement are essentially the same as those that courts consider when evaluating a [class action] settlement under Rule 23(e)." (citation omitted) (alteration in original).

## IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in Plaintiffs' Preliminary Approval Motion and Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Enhancement Awards, Plaintiffs respectfully request that the Court grant final approval of the Settlement, grant

---

[2] The "Effective Date" means the date on which the Final Approval Order becomes a non-appealable order. Settlement Agreement ¶ 15(b).

-13-

final certification of the Class and Collective, designate Plaintiffs Albert Paris Suazo, Alexa Suart, and Leeda Habibi as Class Representatives, and confirm Outten & Golden LLP and Shavitz Law Group, P.A. as Class Counsel.

Respectfully submitted,

Dated: December 23, 2024   By:   */s/ Jahan C. Sagafi*
Jahan C. Sagafi (SBN 224887)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Tel.:   (415) 638-8800
Fax:   (415) 638-8810
Email:   jsagafi@outtengolden.com

Sabine Jean*
Jarron McAllister*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.:   (212) 245-1000
Fax:   (646) 509-2060
Email:   sjean@outtengolden.com
Email:   jmcallister@outtengolden.com

Gregg I Shavitz**
Camar R Jones*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Rd., Suite 285
Boca Raton, FL 33431
Tel.:   (800) 616-4000
Fax:   (561) 447-8831
Email:   gshavitz@shavitzlaw.com
Email:   cjones@shavitzlaw.com

*Attorneys for Plaintiffs and Proposed Class, Collective, and PAGA Action Members*

*\*Admitted pro hac vice*
*\*\*Pro hac vice motions forthcoming*

-14-