UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERT PARIS SUAZO, et al., on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

BLUEMERCURY, INC.,

    Defendant.

Case No. 22-cv-06307-JD

**ORDER RE FINAL APPROVAL, ATTORNEY'S FEES, COSTS, AND OTHER AWARDS**

The Court granted preliminary approval of a proposed classwide settlement. Dkt. No. 74. Final approval is now granted. This order is based on a proposed order lodged by the parties and modified by the Court's findings and practices. The parties are advised to read the order carefully.

1. All terms used herein have the same meaning as defined in the Stipulation of Settlement.

2. "Settlement Class" and "Class Members" mean all persons employed by Defendant as a Store Manager in California from October 20, 2018 through September 12, 2023. The Settlement Class does not include any person who previously settled or released the claims covered by this Settlement, or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement, or any person who submitted a timely and valid Request for Exclusion as provided in this Settlement. The "Class Period" is October 20, 2018 through September 12, 2023. All Class Members who worked any hours for Defendant in California as a Store Manager during any pay period from July 31, 2022 through September 12, 2023 are aggrieved employees with respect to the California Private Attorneys General Act ("PAGA") ("PAGA Members"), and will be paid their PAGA Share and release the

Released PAGA Claims regardless of whether they submit a timely and valid Request for Exclusion from the Settlement. PAGA Members are not eligible to exclude themselves from, or to opt out of, the Released PAGA Claims. For purposes of the Settlement and this Final Order, "Released Parties" as referenced herein and as released in the Settlement mean: (i) Defendant; (ii) Defendant's respective past and present direct and indirect parents, subsidiaries and affiliates of any of the foregoing; (iii) the past and present shareholders, directors, officers, owners, agents, employees, clients, attorneys, insurers, predecessors, successors and assigns of any of the foregoing; and (iv) any individual or entity which could be jointly liable with any of the foregoing.

3. Distribution of the Class Notice directed to the Class Members and PAGA Members as set forth in the Stipulation of Settlement, and the other matters set forth therein has been completed in conformity with the Preliminary Approval Order, including notice to all Class Members and PAGA Members who could be identified through reasonable effort, and is the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings, including the proposed Settlement set forth in the Stipulation of Settlement, to all persons entitled to such Class Notice, and the Class Notice fully satisfied the requirements of due process. All Class Members, PAGA Members, Released Class Claims, and Released PAGA Claims, are covered by and included within the Settlement and this Final Order.

4. The Settlement was entered into in good faith, and is fair, adequate and reasonable. Plaintiffs have satisfied the standards and applicable requirements for final approval of the Settlement.

5. As of the date of entry of this Final Order, each and every Released Class Claim (as defined in the Stipulation of Settlement and set forth below) of each and every Class Member is conclusively released as against the Released Parties. As of the date of this Final Order, the Class Representatives and each and every Class Member who have not submitted a valid Request for Exclusion are released and forever barred and enjoined from prosecuting the Released Claims, except as to such rights or claims as may be created by the Settlement, against Defendant and the Released Parties from any and all claims under state, federal and local law alleged in this Action and that reasonably could have been alleged in this Action based on the factual allegations contained

2

in the operative Complaint in this Action and any amendments thereto, as to the Class Members, including without limitation California Labor Code sections 200, 201, 202, 203, 204, 210, 221, 223, 225.5, 226, 226.3, 226.7, 246, 510, 512, 516, 558, 1174, 1174.5, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2698 *et seq.*, and 2802, California Industrial Commission Wage Orders, Cal. Code Regs., title 8, section 11040, *et seq.*, California Code of Civil Procedure section 1021.5, Business and Professions Code section 17200, *et seq.*, the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*, as amended ("FLSA"), and including all claims for or related to alleged unpaid wages, overtime or double time wages, minimum wages, regular rate of pay, timely payment of wages during employment, timely payment of wages at separation, meal periods and meal period premiums, rest periods and rest period premiums, off-the-clock work, payroll deductions, unreimbursed business expenses, wage statements, payroll records and recordkeeping, failure to pay additional 401(k) benefits and/or deferred compensation benefits and/or matching benefits for payments received under the Settlement, unfair competition, unfair business practices, unlawful business practices, fraudulent business practices, conversion, class actions, representative actions, aggrieved party claims, injunctive relief, declaratory relief, accounting, punitive damages, liquidated damages, penalties of any nature (including but not limited to civil penalties and waiting time penalties), interest, fees, costs, as well as all other claims and allegations alleged in the Action (collectively "Released Class Claims") from October 20, 2018 through September 12, 2023 ("the Class Release Period").  The Released Class Claims during the Class Release Period cover, and release of all claims under the FLSA by Plaintiffs and all Class Members who receive Settlement Awards, regardless of whether Plaintiffs and/or Class Members negotiate their Settlement Award checks pursuant to this Settlement.  In addition, as of the date of this Final Order, the Class Representatives and the Settlement Class, and each member of the Class who has not submitted a valid Request for Exclusion, are forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties for the Released Class Claims during the Class Release Period.

6. As of the date of entry of this Final Order, the claims to be released by the PAGA Members include all claims arising during the PAGA Period seeking civil penalties under PAGA,

3

that Plaintiffs proxies for the State of California and/or the LWDA, and as a private attorney general acting on behalf of Plaintiffs and the PAGA Members, asserted or could reasonably have asserted based on the facts alleged in the Action and/or the LWDA letter, including but not limited to all claims arising under the California Labor Code (including, but not limited to, sections 200, 201, 202, 203, 204, 210, 221, 223, 225.5, 226, 226.3, 226.7, 246, 510, 512, 516, 558, 1174, 1174.5, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2698 *et seq.*, and 2802, as alleged in the Complaint) and the wage orders of the California Industrial Welfare Commission and any other Labor Code section or Wage Order based on the facts alleged in the Action (collectively "Released PAGA Claims").  This releases all Released PAGA Claims by or on behalf of Plaintiffs and all PAGA Members from July 31, 2022 through September 12, 2023 ("PAGA Release Period"), and for the entire PAGA Release Period regardless of whether Plaintiffs and/or a PAGA Member negotiate their PAGA Award checks sent pursuant to this Settlement and regardless of whether any such PAGA Member opts out and excludes himself or herself from the class action portion of the Settlement.

7. Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement is an admission by Defendant, or any of the other Released Parties, nor is this Final Order a finding of the validity of any claims in this Action, or of any wrongdoing by Defendant or any of the other Released Parties.  Neither this Final Order, the Stipulation of Settlement, nor any document referred to herein, nor any action taken to carry out the Stipulation of Settlement, may be construed as, or may be used as, an admission by or against Defendant, or any of the other Released Parties, of any fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Stipulation of Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, or any of the other Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Order, the Stipulation of Settlement, the Released Class Claims, the Released PAGA Claims, and any related agreement or release.  Notwithstanding these restrictions, any of the Released Parties may file in this Action, or submit in any other proceeding,

4

1  the Final Order, the Stipulation of Settlement, and any other papers and records on file in this Action
2  as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or
3  other theory of claim or issue preclusion or similar defense as to the Released Class Claims and the
4  Released PAGA Claims.

5        8.      Judgment is entered as of the filing date of this Final Order, pursuant to the terms set
6  forth in the Stipulation of Settlement.  The Court retains continuing jurisdiction over the
7  interpretation, implementation and enforcement of the Settlement and all orders entered in
8  connection thereto.

9        9.      Plaintiffs Albert Paris Suazo, Alexa Suart and Leeda Habibi, are confirmed as "Class
10 Representatives," and Plaintiffs' Counsel Jahan C. Sagafi, Sabine Jean and Jarron D. McAllister of
11 OUTTEN & GOLDEN LLP, and Gregg I. Shavitz and Camar R. Jones of SHAVITZ LAW GROUP,
12 P.A. as "Class Counsel".

13       10.     The Court grants the attorneys' fees request of thirty-three and one third percent
14 (33.33%) of the Maximum Settlement Amount to be appropriate compensation for Class Counsel.
15 The attorneys' fees request is within the range that has been approved by other courts in similar
16 cases and reasonable in light of the circumstances of this Action, the results obtained on behalf of
17 the Settlement Class, and the contingent nature of the recovery over the course of this Action, which
18 included potential loss at summary judgment, certification and/or trial proceedings.  Pursuant to the
19 terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the
20 Court awards Class Counsel attorneys' fees in the amount of $145,833.33, and attorneys' costs and
21 expenses in the amount of $6,000.00 from the Maximum Settlement Amount as final payment for
22 and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class
23 Counsel for representing Class Members and PAGA Members in this Action.  The award of
24 attorneys' fees and costs will be administered pursuant to the terms of the Stipulation of Settlement.
25 **Notwithstanding the foregoing, 25% of the attorneys' fees award will be withheld and not**
26 **distributed to Class Counsel pending further order after the filing of a post-distribution**
27 **accounting as stated in the Northern District's Procedural Guidance for Class Action**
28 **Settlements.**

11. "Enhancement Awards" are granted to Plaintiffs and Class Representatives, Albert Paris Suazo, Alexa Suart and Leeda Habibi in the amount of **$1,000.00** each, from the Maximum Settlement Amount, and in addition to Class Representatives' individual Settlement Awards and PAGA Awards.

12. Payment is granted in the amount of $6,562.50 from the Maximum Settlement Amount for PAGA penalties, payable to the California Labor and Workforce Development Agency ("LWDA") pursuant to the Joint Stipulation of Settlement.

13. Payment is granted from the Maximum Settlement Amount for actual claims administration expenses incurred by the Claims Administrator Simpluris in the amount of $7,000.00.

14. Any residue from uncashed checks for Settlement Awards or PAGA Awards, within fourteen (14) calendar days after the one hundred twenty (120) day check cashing period expires, will be transferred in the name of the Class Member(s) to the California State Controller's Office (SCO), Unclaimed Property Division, P.O. Box 942850, Sacramento, CA 94250-5873.

15. Provided the Settlement becomes effective under the terms of the Stipulation of Settlement, deadline for mailing the Court-approved Settlement Awards and PAGA Awards, the attorneys' fees and costs to Class Counsel, and the Enhancement Awards to the Class Representatives, are as set forth in the Implementation Schedule within the Preliminary Approval Order.

16. There were no objections to the Settlement raised by any person on the record at the hearing on the Final Approval Order.

**IT IS SO ORDERED.**

Dated: April 9, 2025

JAMES DONATO
United States District Judge